UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTINE FERREIRA, as Parent and Natural Guardian of N.R., and JUSTINE FERREIRA, Individually,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>　　　　　　　　　　　Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/2/2022___

20 Civ. 9849 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the parties' letters dated January 18 and 28, 2022.  ECF Nos. 57, 60.  As Defendant notes, SRO Decision 21-163 establishes N.R.'s pendency placement at iBrain by operation of law and obligates the New York City Department of Education ("DOE") to fund N.R.'s education at iBrain for the 2020-2021 school year.  ECF No. 60 at 3.  Although that decision is subject to a partial appeal in a related case before this Court, *Ferreira et al. v. Porter et al.*, No. 21 Civ. 11087 ("*Ferreira II*"), the parties do not dispute that DOE must ultimately pay these costs.  ECF No. 60 at 3.  Rather, in *Ferreira II*, Plaintiffs only appeal the method of funding—that is, they seek direct payment to iBrain, rather than reimbursement to the parents of N.R. upon proof of payment.  *Id.*; *see also* Compl. ¶¶ 86, 107, ECF No. 1, No. 21 Civ. 11087.  Moreover, the 2020-2021 school year is now complete, and N.R. tragically passed away in October 2021, ECF No. 52.  Plaintiffs acknowledge that N.R. "received the education and related services contemplated" in the pendency order, but maintain that this action is not moot because they have not yet received the full relief contemplated—mainly, tuition repayment from the DOE.  ECF No. 57 at 7.  That relief turns on a question that is before the Court in *Ferreira II*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Because the outcome of *Ferreira II* "carries significant implications for the instant matter," ECF No. 60, the Court concludes that interests of judicial economy and expediency weigh in favor of a stay of this action, pending the Court's resolution in *Ferreira II*.  And, because N.R.'s pendency placement is established as a matter of law by SRO Decision 21-163, and N.R. fully received the education and related services directed by the pendency order, the Court finds that a stay will not prejudice the parties' interests.

Accordingly, Defendant's request to stay this case pending the Court's resolution of *Ferreira II* is GRANTED.  This matter shall be STAYED pending further order of the Court.

       SO ORDERED.

Dated: March 2, 2022
       New York, New York

                                               _____
                                                 ANALISA TORRES
                                      United States District Judge